# EXHIBIT A

| Exhibit A |
| --- |

## CAUSE NO. CC-15-05382-A

| | |
|---|---|
| **KATHRYN BURGAN**<br>**PLAINTIFF** | **IN THE COUNTY COURT** |
| **VS.** | **AT LAW NO. 1** |
| **KROGER TEXAS, L.P.**<br>**DEFENDANT** | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR DISCLOSURE

TO:     Defendant**, KROGER TEXAS, L.P.,** by and through their counsel of record, B. Kyle Briscoe of The Peavler Group, 2215 Westgate Plaza, Grapevine, Texas 76051.

NOW COMES Plaintiff **KATHRYN BURGAN** and responds to the following Request for Disclosure pursuant to the Texas Rules of Civil Procedure.

Respectfully submitted,

**MCKEY & SANCHEZ, P.C.**

_____
**JAMES D. TRUJILLO**
**STATE BAR NO. 24056453**
james@972lawfirm.com

1349 Empire Central Dr., Suite 700
Dallas, Texas 75247
Tel/Fax: (972) LAW-FIRM
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14ᵗʰ day of December, 2015, a true and correct copy of the above and foregoing document was electronically served to the following counsel of record:

> **B. KYLE BRISCOE**
> **STATE BAR NO. 24069421**
> **THE PEAVLER GROUP**
> 2215 Westgate Plaza
> Grapevine, Texas 76051
> (214) 999-0550
> (214) 999-0551 facsimile
> kbriscoe@peavlergroup.com
> **ATTORNEY FOR DEFENDANTS**

_____

**JAMES D. TRUJILLO**

## RESPONSE TO DISCLOSURES

**REQUEST A:**      The correct names of the parties to the lawsuit.

**RESPONSE:**       **To Plaintiff's knowledge, all named parties are correct.**

**REQUEST B:**      The name, address, and telephone number of any potential parties.

**RESPONSE:**       **None to Plaintiff's knowledge.**

**REQUEST C:**      The legal theories and, in general, the factual bases of your claims.

**RESPONSE:**       **Plaintiff refers Defendant to Plaintiff's Original Petition for their contentions of the legal theories and general facts of this case**.

**REQUEST D:**      The amount and any method of calculating economic damages.

**RESPONSE:**

      **Plaintiff's Medical Expenses:**

| | |
|---|---|
| Texas Regional Medical Center | $  1,181.79 |
| Innovative Emergency Physicians | $     267.00 |
| DFW Workers Rehab/Injury Clinic | $     489.00 |
| DFW Open MRI | $  8,523.00 |
| Bruce Cheatham, MD | $  1,500.00 |
| Network Interventional Pain Center | $ 39,991.75 |
| Green Diagnostics | $  1,418.00 |
| ProMed, Inc. | $     695.00 |
| Ortho Spine of Texas | $ 13,512.50 |
| White Rock Radiology | $       32.03 |
| Injury Treatment Centers of Texas | $ 27,360.10 |
| Live Well MD | $     842.00 |
| Texas MDDX | $  1,544.90 |
| **TOTAL PAST MEDICAL:** | **$ 77,357.07** |

      **FUTURE MEDICAL:**                  **$will supplement**

      **NON-ECONOMIC DAMAGES**

| | |
|---|---|
| **Pain & Suffering** | **To be determined by jury** |
| **Mental Anguish** | **To be determined by jury** |
| **Impairment** | **To be determined by jury** |
| **Disfigurement** | **To be determined by jury** |

**For calculation of medical expenses please refer to medical billing records attached hereto as Exhibit A and Plaintiff's reasonable and necessary affidavits on file or soon to be on file with the Court.**

**REQUEST E:**        The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**

**Kathryn Burgen**
c/o McKey & Sanchez, P.C.
1349 Empire Central Dr., Suite 700
Dallas, Texas 75247
Tel/Fax: (972) 529-347
*Plaintiff*

**Kroger Texas, LP**
c/o B. Kyle Briscoe
The Peavler Group
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550
*Defendant*

**Tammy Smoot**
(972) 388-4537
*Plaintiff's aunt and eye witness to the incident whom has relevant knowledge and facts surround ding the incident made basis of this lawsuit.*

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Fardi Aminzadeah, D.C.*
**Texas MDDX, LLC**
4808 S. Buckner
Dallas, Texas 75227
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Henry Horrilleno, M.D*
**4808 Medical Group/Live Well**
4808 S. Buckner Blvd.
Dallas, Texas 75227
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
**Green Diagnostic Imaging**
4020 N. MacArthur Blvd., Suite 122
Irving, Texas 75038
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Farid Aminzadeh, DC*
*B. Harmon, DC*
**Injury Treatment Centers of Texas**
4808 S. Buckner Blvd.
Dallas, Texas 75227
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Michael Lloyd, M.D.*
*Albert G. Tesoriero, M.D.*
*Shelly Rosenbloom, M.D., D.A.B.R., Neuroradiologist*
*Bruce Cheatham, MD*
**DFW MRI**
P.O. Box 75067
Dallas, Texas 75374
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Michael Ellman, M.D.*
*Kimberly Player, FNP*
**Bent Tree Pain**
1778 N. Plano Rd., Suite 300B
Richardson, Texas 75081
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
**Innovative Emergency Physicians Sunnyvale**
Dept. 960390
Oklahoma City, OK 73196
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Thomas Cornell, MD*
*Mike Puhl, MD*
*Stephanie Shortridge, RN*
*Wiley Winchester, RN*
**Texas Regional Medical Center of Sunnyvale**
231 South Collins
Sunnyvale, Texas 75182
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Thomas Cornell, MD*
**White Rock Radiology**
P.O. Box 1907
Greenville, Texas 75403-1907
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Michael Ellman, M.D.*
**Network Interventional Pain Center**
1778 N. Plano Rd., Suite 300B
Richardson, Texas 75081
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
**ProMed, Inc.**
7777125 Marvin D. Love Frwy., #325
Dallas, Texas 75237
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Bruce Cheatham, M.D.*
**Bruce Cheatham, MD**
309 N. Galloway, Suite 107
Mesquite, Texas 75149
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Ryan Fuson, DC*
**DFW Injury Clinic**
3501 Gus Thomassn Rd.
Mesquite, Texas75150
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*


**Further, Plaintiff hereby identifies as persons with knowledge of relevant facts all persons whose depositions, whether oral or on written questions, have been or in the future will be taken in connection with this case, and Plaintiff hereby adopts and incorporates by reference all identifying information with regard to such persons set forth in their depositions, including all exhibits thereto.**

**REQUEST F:** For any testifying expert, state:

1. The expert's name, address, and telephone number;
2. state the subject matter on which the expert will testify;
3. the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or, if the expert is not retained by, employed by, or otherwise subject to the control of Petitioner, documents reflecting such information;
4. if an expert is retained by, employed by, or otherwise subject to the control of Petitioner, produce the originals or copies of the following:
   i. all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
   ii. the expert's current resume and bibliography.

**RESPONSE:**

**Plaintiff has not designated retained experts at this time.**

**Plaintiff has not retained any testifying experts at this time. However, the following healthcare providers, along with the investigating officer, listed in response to Request (e) may be called to testify at trial. Plaintiff further designates any and all experts designated by any party to this lawsuit and reserves the right to call or cross-examine each expert witness at the time of trial. In the event such persons testify in this matter, they are expected to testify regarding the following:**

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Fardi Aminzadeah, D.C.*
**Texas MDDX, LLC**
4808 S. Buckner
Dallas, Texas 75227
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Henry Horrilleno, M.D*
**4808 Medical Group/Live Well**
4808 S. Buckner Blvd.
Dallas, Texas 75227
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
**Green Diagnostic Imaging**
4020 N. MacArthur Blvd., Suite 122
Irving, Texas 75038
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Farid Aminzadeh, DC*
*B. Harmon, DC*
**Injury Treatment Centers of Texas**
4808 S. Buckner Blvd.
Dallas, Texas 75227
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Michael Lloyd, M.D.*
*Albert G. Tesoriero, M.D.*
*Shelly Rosenbloom, M.D., D.A.B.R., Neuroradiologist*
*Bruce Cheatham, MD*
**DFW MRI**
P.O. Box 75067
Dallas, Texas 75374
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Michael Ellman, M.D.*
*Kimberly Player, FNP*
**Bent Tree Pain**
1778 N. Plano Rd., Suite 300B
Richardson, Texas 75081
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
**Innovative Emergency Physicians Sunnyvale**
Dept. 960390
Oklahoma City, OK 73196
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Thomas Cornell, MD*
*Mike Puhl, MD*
*Stephanie Shortridge, RN*
*Wiley Winchester, RN*
**Texas Regional Medical Center of Sunnyvale**
231 South Collins
Sunnyvale, Texas 75182
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Thomas Cornell, MD*
**White Rock Radiology**
P.O. Box 1907
Greenville, Texas 75403-1907
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Michael Ellman, M.D.*
**Network Interventional Pain Center**
1778 N. Plano Rd., Suite 300B
Richardson, Texas 75081
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
**ProMed, Inc.**
7777125 Marvin D. Love Frwy., #325
Dallas, Texas 75237
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Bruce Cheatham, M.D.*
**Bruce Cheatham, MD**
309 N. Galloway, Suite 107
Mesquite, Texas 75149
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*

*All Physicians, Employees & Custodian of Records including but not limited to:*
*Ryan Fuson, DC*
**DFW Injury Clinic**
3501 Gus Thomassn Rd.
Mesquite, Texas75150
*Plaintiff's medical treatment provider who has knowledge of plaintiff's injuries and may testify regarding treatment received by Plaintiff*


**In the event such healthcare providers/persons testify in this matter, they are expected to testify regarding the following:**

(1)    **Nature and extent of injuries, diseases, complications and other medical/health conditions incurred by persons involved in the subject accident and/or the absence and/or severity thereof;**

(2)    **Causation of such injuries, diseases, complications and other medical/health conditions, whether by the subject accident or by other prior, concurrent or subsequent causative factors;**

(3)    **Necessary and appropriate diagnostic examinations and procedures for persons involved in the subject accident;**

(4)    **Necessary and appropriate treatment (past and future) for persons involved in the subject accident;**

(5)    **Reasonable fees and charges for medical and other health care examinations, procedures and treatments (past and future) for persons involved in the subject accident;**

(6)    **Anticipated future course of recovery from or development of injuries, diseases, complications and other medical/health conditions incurred by persons involved in the subject accident;**

**(7)  Physical and/or mental impairment/disability (past, present and future) for persons involved in the subject accident, including without limitation effects on ability to work and perform other activities and to earn income; and**

**(8)  Physical and mental pain, suffering and trauma (past, present and future).**

**REQUEST G:**     Any discoverable indemnity and insuring agreements.

**RESPONSE:**     **Plaintiff has no documents responsive to this request.**

**REQUEST H:**     Any discoverable settlement agreements.

**RESPONSE:**     **Plaintiff has no documents responsive to this request.**

**REQUEST I:**     Any discoverable witness statements.

**RESPONSE:**     **Plaintiff does not have any documents responsive herein**.

**REQUEST J:**     In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**RESPONSE:**     **See Medical Records and billing statements attached hereto as Exhibit A, all medical records filed by business records affidavit, and all billing records filed by 18.001 affidavit.**

**REQUEST K:**  In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the request party.

**RESPONSE:**     **Not applicable.**

**REQUEST L:**  The name, address, and telephone number of any person who may be designated as a responsible third party.

**RESPONSE:**     **Plaintiff is not aware of any responsible 3rd party at this time.**

---

# EXHIBIT B

**Exhibit B**

Skip to Main Content  Logout  My Account  Search Menu  New County Courts at Law Search  Refine
Search  Back
Location : All County Courts at Law Civil    Images  Help

# REGISTER OF ACTIONS
## CASE NO. CC-15-05382-A

| | | |
|---|---|---|
| **KATHRYN BURGAN vs. KROGER TEXAS, L.P.** | § § § § § | Case Type: **DAMAGES (NON COLLISION)**<br>Date Filed: **10/21/2015**<br>Location: **County Court at Law No. 1** |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| | | **Lead Attorneys** |
| **DEFENDANT** | **KROGER TEXAS, L.P.** | **B KYLE BRISCOE**<br>*Retained*<br>214-999-0550(W) |
| **PLAINTIFF** | **BURGAN, KATHRYN** | **CRAIG W THOMAS**<br>*Retained*<br>972-529-3476(W) |

---

### EVENTS & ORDERS OF THE COURT

|   |   |
|---|---|
| | **OTHER EVENTS AND HEARINGS** |
| 10/21/2015 | **NEW CASE FILED (OCA)** |
| 10/21/2015 | **ORIGINAL PETITION** |
| | *PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED DISCOVERY* |
| 10/21/2015 | **ISSUE CITATION** |
| 10/23/2015 | **CITATION (SERVICE)** |
| | *PLACED IN LDM BOX 10/23/15* |

| | | |
|---|---|---|
| | KROGER TEXAS, L.P. | Served 10/30/2015 |
| | | Returned 11/09/2015 |

| | |
|---|---|
| 11/10/2015 | **RETURN OF SERVICE** |
| | *CITATION SERVED 10/30/15 @ 10:06AM VIA CERTIFIED MAIL* |
| 11/10/2015 | **ORIGINAL ANSWER - GENERAL DENIAL** |
| 11/11/2015 | **AMENDED PETITION** |
| | *PLAINTIFFS FIRST AMENDED PETITION* |
| 01/29/2016 | **SCHEDULING ORDER DUE**  (4:00 PM) (Judicial Officer BENSON, D'METRIA) |
| 02/19/2016 | *CANCELED*  **DISMISSAL HEARING**  (9:00 AM) (Judicial Officer BENSON, D'METRIA) |
| | *BY COURT ADMINISTRATOR* |

---

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| **PLAINTIFF** BURGAN, KATHRYN | | |
| Total Financial Assessment | | 297.00 |
| Total Payments and Credits | | 297.00 |
| **Balance Due as of 12/28/2015** | | **0.00** |
| | | |
| 10/21/2015 | Transaction Assessment | 297.00 |
| 10/21/2015 | CREDIT CARD - TEXFILE (CC)  Receipt # CV-2015-13039   BURGAN, KATHRYN | (297.00) |

# EXHIBIT 1

**Exhibit 1**



**CORPORATION SERVICE COMPANY®**

<b>null / ALL</b><br>
<b>Transmittal Number: 14418835</b><br>
<b>Date Processed: 11/02/2015</b>

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Rene Jent<br>The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202-1100 |

| | |
|---|---|
| **Entity:** | Kroger Texas L.P.<br>Entity ID Number  2172000 |
| **Entity Served:** | Kroger Texas, L.P. |
| **Title of Action:** | Kathryn Burgan vs. Kroger Texas, L.P |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Dallas County Court, Texas |
| **Case/Reference No:** | CC-15-05382-A |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 10/30/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Craig W. Thomas<br>972-529-3476 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

<b>To avoid potential delay, please do not send your response to CSC</b><br>
<i>CSC is SAS70 Type II certified for its Litigation Management System.</i><br>
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# THE STATE OF TEXAS
# CITATION
CAUSE NO. CC-15-05382-A
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

TO:

**KROGER TEXAS, L.P.**
**SERVE CORPORATION SERVICE COMPANY D/B/A CSC-**
**LAWYERS INCORPORATING SERVICE COMPANY**
**211 E 7TH STREET STE 620**
**AUSTIN TX 78701**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED DISCOVERY, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**KATHRYN BURGAN**
*Plaintiff(s)*

**VS.**

**KROGER TEXAS, L.P.**
*Defendant(s)*

filed in said Court on the 21st day of October, 2015 a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 23rd day of October, 2015 A.D.

JOHN F. WARREN, Dallas County Clerk



By _Guisla Hernandez_ , Deputy
Guisla Hernandez

| ATTORNEY |
|---|
| **CITATION** |
| **PLAINTIFF'S ORIGINAL PETITION** |
| **WITH ATTACHED DISCOVERY** |
| **CC-15-05382-A** |

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
**Dallas County, Texas**

KATHRYN BURGAN, *Plaintiff(s)*

VS.

KROGER TEXAS, L.P., *Defendant(s)*

**SERVE:**
**KROGER TEXAS, L.P.**
**SERVE CORPORATION SERVICE**
**COMPANY D/B/A CSC-LAWYERS**
**INCORPORATING SERVICE**
**COMPANY**
**211 E 7TH STREET STE 620**
**AUSTIN TX 78701**

**ISSUED THIS**
**23rd day of October, 2015**

John F. Warren, County Clerk
By: Guisla Hernandez, Deputy

Attorney for Plaintiff

CRAIG W THOMAS
MCKEY & SANCHEZ PC
1349 EMPIRE CENTRAL DRIVE
SUITE 700
DALLAS TX 75247
972-529-3476

FILED
12/25/2015 11:47:05 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Cause No.    CC-15-05382-A

| | | |
|---|---|---|
| **KATHRYN BURGAN,** | § | **IN THE COUNTY COURT** |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | **AT LAW NO. _____** |
| | § | |
| **KROGER TEXAS, L.P** | § | |
| **DEFENDANT** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** KATHRYN BURGAN, hereinafter called Plaintiff, complaining of and about, KROGER TEXAS, L.P., hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level 2. Plaintiff is currently seeking damages in excess of $100,000.00 but not more than $200,000.00.

### PARTIES AND SERVICE

2.    Plaintiff, KATHRYN BURGAN, is an individual whose address is 2414 N. Hwy. 174, Lot O, Seagoville, TX 75159.   The last three digits of her social security number are 586.

3.    Defendant KROGER TEXAS, L.P., is a Foreign Limited Partnership, that may be served with process by serving the registered agent of said company, **Corporation Service Company d/b/a csc-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701**, its registered office. Service of said Defendant as described above can be effectuated by

personal delivery.

## JURISDICTION AND VENUE

4.   The subject matter in controversy is within the jurisdictional limits of this court.

5.   This court has jurisdiction over Defendant because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6.   Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the State of Texas, thereby conferring specific jurisdiction with respect to Defendant.

7.   Furthermore, Plaintiff would show that Defendant engaged in activities constituting business in the State of Texas as provided by section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in Texas.

8.   Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

9.   On or about October 17, 2014, Plaintiff was at Defendant's Kroger Store located at or near 11925 Elam Road, Balch Springs, Texas 75180.

10.   Plaintiff was walking in the meat department section.   Plaintiff was walking next to an open freezer when she slipped forward and to the right from water on the floors.   As Plaintiff's foot slid forward it hit a metal corner guard attached to the freezer.   The floor had just been mopped and Plaintiff observed a mop and a mop bucket in the area, however there were no signs or warning cones in the area.

## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT

11.   At all times mentioned herein, Defendant had such control over the premises in question that Defendant owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

12.   Defendant, Defendant's agents, and employees failed to make the premises reasonably safe by failing to inspect the premise.

13.   The Defendant failed to maintain a safe environment by failing to provide a clear, dry and safe walkway.

14.   At all times pertinent herein, Defendant and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

   a.   In Defendant, through its employee (s) failing to clean the brown liquid on the floor;
   b.   In Defendant creating a dangerous condition by not regularly inspecting the premise;
   c.   In Defendant failing to timely inspect the floor for dangerous conditions;
   d.   In Defendant, through its employee, failing to use due and reasonable care to avoid creating dangerous conditions;
   e.   In Defendant failing to properly train its employees to identify and make safe dangerous conditions, which pose an unreasonable risk of injury;
   f.   In Defendant failing to warn Plaintiff of the wet floors by not displaying signs or cones indicating that the area had just been mopped;
   g.   In Defendant, through its employee(s), causing the unreasonable risk of harm by failing to properly maintain the walkway and creating a dangerous condition thereby putting Defendant on notice because when an owner or occupier of a premise, or those for whose conduct it is responsible, creates a condition that poses an unreasonable risk of harm, an inference of knowledge

may arise that Defendant knew or should have known about the risk of danger to Plaintiff. *Keetch v. Kroger,* 845 S.W.2d 262, 265 (Tex. 1992); *Robledo v. Kroger,* 597 S.W.2d 560 (Tex. Civ. App.–Eastland 1980, writ ref'd n.r.e.); *See Wal-Mart Stores, Inc. v. Diaz* , 109 S.W.3d 584, 589 (Tex. 2003) .

## **PROXIMATE CAUSE**

15.     Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## **DAMAGES FOR PLAINTIFF**

16.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, KATHRYN BURGAN was caused to suffer physical injuries, and to incur the following damages:

   A. Reasonable medical care and expenses in the past;
   B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
   C. Physical pain and suffering in the past;
   D. Physical pain and suffering in the future;
   E. Mental anguish in the past;
   F. Mental anguish in the future;
   G. Loss of earnings in the past; and
   H. Loss of earning capacity in the future.

## **REQUEST FOR WRITTEN DISCOVERY**

These discovery requests are propounded pursuant to Rules 192, 193, 194, 196, 197 and 198 of the Texas Rules of Civil Procedure and such requests and/or questions shall be answered separately, fully in writing and under oath, in fifty (50) days from the date of service hereof. Any objections to such requests and/or questions shall be made within fifty (50) days from the date of service hereof. Plaintiff also requests that Defendant continue to supplement answers to these requests and/or questions, as provided by Rules 192, 193, 194, 196, 197, and 198 of the Texas Rules of Civil Procedure.

The "date" referred to in the following requests and question is October 17, 2014.

The "accidental injury", "incident", and/or "accident" referred to in the following requests, is the accident involving Plaintiff, which occurred on October 17, 2014, on Defendant's premises located at 11925 Elam Road, Balch Springs, Texas 75180.

A "writing" as referred to in the following interrogatories is any written or recorded documentation, memorandum, notes, electronic data transfer, reports, records; and any other similar or comparable recondition of information.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Was it in the regular course of the business of Defendant to conduct a post-accident investigation into the incident made the basis of this cause, whether litigation was anticipated or not? If so, state whether an investigation was conducted concerning the incident, the dates when it occurred, and the name(s), address(es), and telephone number(s) of the investigator(s).

**ANSWER:**

**INTERROGATORY NO. 2:** State the name, address, and telephone number for the person(s) answering or responding to all or any portion of Plaintiff's interrogatories, requests for production, requests for admissions, and requests for disclosure on behalf of Defendant and for the person(s) supplying information for and/or assisting with the preparation of Defendant's answers, responses, and/or objections, and state which specific answer(s), response(s), and/or objection(s) each such person answered, supplied information for, and/or assisted with.

**ANSWER:**

**INTERROGATORY NO. 3:** Please describe in your own words how Plaintiff's injuries occurred and state specifically and in detail what the claims, contentions, and/or theories of Defendant are regarding any cause or contributing cause of the incident, including a statement in detail of the facts or information upon which this contention is based.

**ANSWER:**

**INTERROGATORY NO. 4:** Please state the names, addresses, telephone numbers, and titles of all persons responsible for the maintenance of all and/or any portion of the premises where the incident occurred on or about October 17, 2014, including those persons whose responsibility it was to keep those premises safe for invitees.

**ANSWER:**

**INTERROGATORY NO. 5:** Please state Defendant's net worth for the years 2010 through the present.

**ANSWER:**

**INTERROGATORY NO. 6:** Please state Defendant's full and correct legal name, present address of its principal place of business, as well as the name(s) under which Defendant operate and/or does business, both at present and on the date of incident, and:

a. If a Corporation, the date on which incorporated, its principal place of business, the names and addresses of all officers and directors, when the Corporation was licensed to do business in the State of Texas, and the Corporation Charter number; or

b. If a general or limited partnership, the name and address of each partner, whether general or limited, the date on which the partnership started doing business, and the business address(es) of the partnership; or

c. If a sole proprietorship, the names and address of each owner, the date on which the proprietorship started doing business, and the business address(es) of the proprietorship; or

d. If a joint venture, the new name and address of each joint venturer, the date on which it started doing business, and its business address(es).

**ANSWER:**

**INTERROGATORY NO. 7:** State the names, addresses, and telephone numbers of all persons injured while on the premises within the five (5) years prior to the incident.

**ANSWER:**

**INTERROGATORY NO. 8:** State the name and address of any person who has photographs of any person, place, or thing which is relevant and material to the incident; state who took each photograph, on what date each photograph was taken, and describe what each photograph shows.

**ANSWER:**

**INTERROGATORY NO. 9:** Please state whether or not you know of, or have a copy of, any statement which Plaintiff or any other person with knowledge of relevant facts has previously made concerning this cause or its subject matter and which is in your possession, custody or control.

For the purpose of this interrogatory, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it which is contemporaneously recorded.

If so, state the name, address, and telephone number of the person giving the statement; the date of the statement; the name, address, and telephone number of the person taking the statement; and the name, address, and telephone number of the person(s) who now has possession of such statement.

**ANSWER:**

**INTERROGATORY NO. 10:** Has Defendant been sued under the proper name and capacity? If not, please state the correct name and capacity and explain your answer so that service may be executed properly at the correct address. If Defendant contend that it is not a proper party to this lawsuit as named, please so state, along with the factual basis for such contention.

**ANSWER:**

**INTERROGATORY NO. 11:** State the names, addresses, and telephone numbers of Defendant's employees, workers, and agents who were working, walking, and/or standing on the premises at any time on the date of the incident, and what each such person witnessed. If Defendant do not currently employ any of these people, state his/her date of birth, Social Security number, driver's license number, and issuing state.

**ANSWER:**

**INTERROGATORY NO. 12:** State the names, addresses, and telephone numbers of all of Defendant's consulting experts; what documents and materials of any nature each such consultant has been provided and/or has reviewed, examined, and/or tested; what compilations of data, tests, or materials of any nature have been prepared by or for each consultant; the opinion(s) held by each consultant; the qualifications of each consultant; and how you have compensated or will compensate each such consultant.

**ANSWER:**

**INTERROGATORY NO. 13:** State what documents and materials of any nature each of your expert witnesses has been provided and/or has reviewed, examined, and/or tested; what compilations of data, tests, or materials of any nature have been prepared by or for each expert; the qualifications of each expert; the cases in which each expert has previously provided an opinion, whether in deposition or trial testimony or not; and how you have compensated or will compensate each expert.

**ANSWER:**

**INTERROGATORY NO. 14:** For all incidents, injuries, and/or deaths for which the Occupational Safety and Health Administration, any other governmental agency, and/or any person or entity has investigated Defendant(s) and/or its employees, workers, and/or agents within the last five (5) years, state the name, address, and telephone number of each injured person and each of Defendant's employees, workers, and/or agents who communicated with a representative of the investigator(s) in any way; the premises where each incident, injury, and/or death occurred; why that Defendant(s) had employees, workers, and/or agents on the premises at or prior to each incident; the outcome of each such investigation; and whether that Defendant(s) paid a fine or contested the investigating agency or investigator's conclusion(s).

**ANSWER:**

**INTERROGATORY NO. 15:** Please state whether you or your business entity has had a transfer of ownership in the last five (5) years and, if so, the dates of transfer and the names, addresses, and telephone numbers of the persons, parties, and/or entities to the transfer and the current owner(s).

**ANSWER:**

**INTERROGATORY NO. 16:** Please state the amount of, duration of, and reason for any payments, including medical payments, Defendant has allegedly made to compensate or benefit Plaintiff in any way for the injuries or damages alleged in this cause.

**ANSWER:**

**INTERROGATORY NO. 17:** Please state the name, telephone number, and address of any person(s) who witnessed the accident, including any person who witnessed Plaintiff on the premise prior to and/or after he was injured.

**ANSWER:**

**INTERROGATORY NO. 18:** Please state the names of any employees, agents, servants, contractor and persons under your control who were on the premises on October 17, 2014. Also include such persons' telephone numbers, addresses, reasons for said persons being on the premises on that particular day, and the duration of their stay on the premises.

**ANSWER:**

**INTERROGATORY NO. 19:** Please state whether you conduct scheduled inspections of your premises, and if so, how often are said inspections conducted.

**ANSWER:**

**INTERROGATORY NO. 20:** Please state the names of any entities, if any, that you have contracted with for cleaning services and whether or not such services include maintaining the premises. This request calls for the names of those contracted for five years prior to the accident, and up to date.

**ANSWER:**

**INTERROGATORY NO. 21:** Please state the names, addresses, and telephone numbers of any persons who have made any complaints, whether written or oral, related in any way to the premises, and/or any other area within the premises

**ANSWER:**

**INTERROGATORY NO. 22:** Had there been any other incidents at the Kroger location at 11925 Elam Road, Balch Springs, Texas 75180 of people slipping and falling due to a substance on the floor in the five years preceding this incident?

**ANSWER:**

**INTERROGATORY NO. 23:** Please state whether any information or documents responsive in whole or in part to these interrogatories have been withheld on the basis of any privilege. If so, please identify the information or documents being withheld and state each privilege upon which the withholding of any information or document is based.

**ANSWER:**

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Admit or deny that Plaintiff was an invitee of the Defendant on the date of the incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Admit or deny that Defendant knew or should have known that someone could slip and fall from the wet floors.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Admit or deny that Defendant failed to adequately warn Plaintiff about dangerous floor conditions.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Admit or deny that Defendant failed to make the condition on the premises reasonably safe.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Admit or deny that Defendant's failure to make the condition on the premises reasonably safe proximately caused Plaintiff's injuries.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Admit or deny that Defendant's failure to adequately warn Plaintiff of the unsafe condition within its premises proximately caused Plaintiff's injuries.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** Admit or deny that Defendant had knowledge that the dangerous condition, just mopped wet floors, could pose an unreasonable risk of injury to Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** Admit or deny that Plaintiff was on the premises for the mutual benefit of Defendant and Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** Admit or deny that Defendant failed to keep proper maintenance of walkway.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** Admit or deny that Defendant was aware of the risk and danger posed by not providing adequate maintenance of its premises and that Defendant failed to make said dangerous condition safe.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:** Admit or deny that regular maintenance had been done on walkway area prior to the incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:** Admit or deny that Defendant failed to use ordinary care to keep its premises in a reasonably safe condition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:** Admit or deny that at the time of the incident, the floor was not wet.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:** Admit or deny that the wet floors that caused Plaintiff to be injured had been mopped within fifteen minutes prior to the incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:** Admit or deny that the wet floors that caused Plaintiff to be injured had been mopped within thirty minutes prior to the incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:** Admit or deny that the wet floors that caused Plaintiff to be injured had been on the floor for more than one hour prior to the incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:** Admit or deny that at the time of the incident, Plaintiff had no knowledge of the unsafe floor conditions.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:** Admit or deny that Defendant, as named, was the entity in control of the premises on the date of the accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:** Admit or deny that Defendant failed to adequately warn its employees and or invitees, including Plaintiff of known dangers located on the premises.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:** Admit or deny that Defendant failed to warn constitutes negligence, as that term is defined by law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:** Admit or deny that Defendant's negligence was the sole proximate cause of the incident forming the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:** Admit or deny that as a direct and proximate result of the incident, Plaintiff, suffered severe physical and mental pain, suffering impairment, anguish and loss of enjoyment of life.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:** Admit or deny that as a direct and proximate result of the incident, Plaintiff incurred reasonable and necessary medical expenses.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:** Admit or deny that as a direct and proximate result of the incident, Plaintiff, will in all reasonable probability incur future medical expenses.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:** Admit or deny that as a direct and proximate result of the incident, Plaintiff, suffered severe pain and mental anguish in the past, and will in all reasonable probability suffer severe pain and mental anguish in the future.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:** Admit or deny that other employees and/or invitees have been hurt while in the scope of their employment with the Defendant, or as an invitee of the Defendants.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:** Admit or deny that the monetary damages prayed for in Plaintiff's Petition, if paid now in cash, would reasonably compensate Plaintiff for the injuries and damages she sustained on the date alleged, as a direct and proximate result of Defendant's negligence in failing to warn or protect plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:** Admit or deny that on the date of the accident, you were aware of others that have been injured in a similar manner.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:**Admit or deny that you had a duty to warn Plaintiff of any dangerous condition existing on the premises at the time of the incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:**Admit or deny that you did not warn Plaintiff, of any dangerous condition existent on the premises at the time of the incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:** Admit or deny that you did not make the premises reasonably safe for Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:** Admit or deny that you did not make an adequate effort to protect Plaintiff, at the time of the accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:** Admit or deny that the wet floors posed an unreasonable risk of harm to Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 34:** Admit or deny that you have a video camera in the location where this incident occurred.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 35:** Admit or deny that you received a spoliation letter and you preserved the video of the incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 36:** Admit or deny that you have video of others falling in the same vicinity as to where the plaintiff was injured.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 37:** Admit or deny that you have made no effort to financially assist Plaintiff, in receiving the medical attention she has needed as a result of the incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 38:** Admit or deny that prior to the date of the incident, Defendant, its employees, agents, and/or representatives were aware of the wet floors at 11925 Elam Road, Balch Springs, Texas 75180.

**RESPONSE:**

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Any and all statements pertaining to the claims made by Plaintiff, whether such statement is written, recorded, transcribed, or preserved in some other manner. If no written transcript has been made of any such statement, request is hereby made that such a written transcript be prepared and a photocopy delivered to Plaintiff's attorneys or that the tape or other object containing any such statement be delivered to Plaintiff's attorneys so such written transcript may be prepared.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 2:** Any taped recordings or written notes regarding conversations between any persons which are relevant to the issues made the subject of this litigation. If no written transcript has been made of any such taped or recorded conversation, request is hereby made that such a written transcript be prepared and a photocopy delivered to Plaintiff's attorneys or that the tape or other object containing any such recordings be delivered to Plaintiff's attorneys so such a written transcript can be prepared.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Regarding any experts you have consulted concerning this litigation or the incident in question (except experts which you positively aver will not testify in the trial of this action):

    a.    A copy of every report or other document in writing that has been prepared by or at the direction of the expert witness. If any such report has not been reduced to written form, it is requested that a written report be produced and delivered to Plaintiff's attorneys;

    b.    A copy of each and every photograph, chart, graph, note, investigative report, document, object, thing, and material of any nature that has been provided to and/or examined by, reviewed, or tested by or for the expert witness;

    c.    All compilations of data, including all computer run sheets, tables, graphs, physical models, and all things, objects, and other documents and material of any nature prepared by or for the expert in anticipation of his/her testimony in this cause;

    d.    All documents related in any way to the qualifications of each expert, including his/her curriculum vita, resume, education, training, and experience;

    e.    All documents related in any way to the cases in which each expert has previously provided an opinion, whether in deposition or trial testimony or not; and

    f.    All documents regarding your agreements with each such expert and how you have and/or will compensate each such expert.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All photographs, slides, film and/or tapes taken or made regarding the claim made the basis of this cause and/or of Plaintiff and/or any potential witness, for surveillance or otherwise, and all documents indicating in any way who made or took any such photographs, slides, film, and/or tapes; where they were made or taken; and who has possession of the originals at present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All documents and materials of any nature you intend to offer into evidence in this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All incident reports, medical and hospital records, narratives and other documents concerning the reporting of the incident which is the basis of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All bills from physicians, hospitals, clinics, radiologists, therapists, pharmacists and any other bill, invoice, correspondence or other document concerning the charges for treatment or any other medical care you allegedly have paid or have been paid on your behalf as a result of plaintiff, KATHRYN BURGAN'S injuries and/or damages and/or the incident which is the basis of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All depictions, graphs, illustrations, charts, pictures, models or any other demonstrative items or documents pertaining to the incident which is the subject of this cause and all documents indicating in any way who made such items, materials, or documents; where they were made; and who has possession of the originals at present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** A copy of any portion or excerpt of any statute, treatise, periodical, or pamphlet or other written or published materials relevant to the issues in this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All documents and materials of any nature concerning any contention by Defendant that Plaintiff was not injured and/or damaged in or due to the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Letters, correspondences, memoranda of any conversations, and all documents of any nature exchanged between any Defendant's employees, agents, attorneys, or representatives and Plaintiff (or Plaintiff's representatives or attorneys) related to the subject matter of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All documents and material of any nature upon which Defendant rely in contending that neither he nor its employees, servants, representatives, or agents were negligent as alleged in Plaintiff's pleadings in this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All documents and material of any nature upon which Defendant rely in contending that neither it nor its employees, servants, representatives, or agents violated any statute regarding the incident which is the subject of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All documents and material of any nature upon which Defendant rely in contending that neither it nor its employees, servants, representatives, or agents acted with malice toward Plaintiff with regard to the incident which is the subject of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** A copy of Defendant's safety inspections schedule and maintenance schedule for the premises on October 17, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** A copy of the Defendant's contract with the entity, if any, who was contracted for clean up and/or maintenance services of the premises.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17** Copies of all documents of any nature related in any way to Plaintiff and/or any potential witness in this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Copies of all citations and/or fines related in any way to the premises, employment conditions, safety, and/or the health of your employees which you have received within the five (5) years preceding the incident which forms the basis of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** Copies of all citations and/or fines related in any way to the premises, safety, and/or the health of your invitees which you have received within the five (5) years preceding the incident which forms the basis of this cause.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 20:** Copies of all criminal and/or quasi-criminal convictions, Judgments, decisions, and/or determinations made against you by any government agency within the five (5) years preceding the incident which forms the basis of this cause.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 21:** Copies of all documents which you have received from and all correspondences between you and the Occupational Safety & Health Administration and/or any other governmental agency related in any way to safety and/or health within the past five (5) years.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 22:** Copies of all documents which you have received from and all correspondences between you and the Occupational Safety & Health Administration and/or any other governmental agency related in any way to any premises injury or incident within the five (5) years preceding the incident which forms the basis of this cause.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 23:** Copies of all documents documenting the transfer of ownership of Defendants in the last ten (10) years if it affected potential liability for the incident which forms the basis of this cause in any way.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** Copies of all insurance agreements under which any insurance company or business may be liable to satisfy part or all of the Judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such Judgment and the declaration pages describing the policy limits.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** Copies of all papers documenting the legal status, name, and address of each corporation, general partnership, limited partnership, proprietorship, joint venture, or other business entity which is a Defendant or potential Defendant in this cause both on the date of the incident which forms the basis of this cause and at present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** Copies of all papers documenting claims and/or lawsuits against Defendant alleging personal injuries on Defendant's premises, within the five (5) years prior to Plaintiff's date of injury.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** Copies of all papers documenting claims and/or lawsuits against you alleging a premises injury within the five (5) years prior to Plaintiff's date of injury.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** Copies of all papers documenting claims and/or lawsuits against you within the five (5) years prior to incident related to the premises in any way.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** Copies of all papers documenting claims and/or lawsuits against you alleging that you and/or your employee(s) and/or authorized agent(s) acted with reckless indifference to the state-protected rights of one or more persons within the five (5) years prior to Plaintiff's date of injury.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** Copies of all documents of any nature related in any way to the equipment, tools, machinery, materials, and/or supplies which should have been installed or in place on the premises prior to the incident which is the subject of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** Copies of all documents of any nature related in any way to the equipment, tools, machinery, materials, and/or supplies which were installed or in place on the premises prior to the incident which is the subject of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** Copies of all documents of any nature related in any way to any warnings that should have been in place on the premises prior to the incident which is the subject of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** Copies of all documents of any nature related in any way to any warnings and/or safety procedure that were in place on the premises prior to the incident which is the subject of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** Copies of all documents of any nature related in any way to the equipment, tools, machinery, materials, and/or supplies, which were installed or in place on the premises prior to the incident which is the subject of this cause for the purpose of minimizing the danger potentially posed by the wet floors.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** Copies of all documents of any nature related in any way to the control, supervision, and/or instructions given to any of Defendant's agents, employees, and/or representatives regarding the maintenance done on the premises located at or near 11925 Elam Road, Balch Springs, Texas 75180.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** Copies of your privilege log for any and all information or documents responsive in whole or in part to Plaintiff's discovery requests which have been withheld on the basis of any privilege and copies of all documentation related in any way to the privilege(s) on which each such withholding is based.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** Copies of all documents related in any way to post-accident investigations into the incident made the basis of this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** Copies of all documents related in any way to the maintenance of the premises on or about October 17, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:** Copies of all documents related to keeping the premises safe for invitees on the premises on October 17, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:** Copies of all documents showing the corporate ownership and/or net worth of Defendants at all times between January of 2010 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:** Copies of all documents related in any way to injuries sustained by any person who was working for you and any invitees to the premises within the five (5) years prior to the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:** Copies of all documents related in any way to injuries sustained by any person who was working on the premises within the five (5) years prior to the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:** Copies of all documents related in any way to injuries sustained by any person while on the premises, including invitees, trespassers, licensees, and employees, for the ten (10) years prior to the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:** Copies of all documents of any nature related in any way to all payments made to and/or on behalf of Plaintiff from October 17, 2014 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:** Copies of all documents related in any way to any Defendant's safety program for its employees, agents, workers, and invitees, regardless of whether such safety program is related in any way to the premises or not.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:** Copies of all documents related in any way to complaints made within the past five (5) years about the premises and/or unsafe walkway conditions on your premises.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:** Copies of all documents related in any way to the warning(s) provided to Plaintiff, regardless of whether such warning(s) was related to the premises and/or substance on the premises.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:** Copies of all documents related in any way to the inspections of the premises made by any Defendants' employee(s) and/or agent(s) between January 2010 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:** Copies of all documents related in any way to the inspections of the premises made by any person between January 2010 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:** Copies of all documents related in any way to the warnings given by any Defendants' employee(s) and/or agent(s) between January of 2010 and the present regarding the premises, regardless of whether such warnings were on the premises or not.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:** Copies of all documents related in any way to the changes made and/or steps taken after the incident, specifically including, but not limited to, what was done to ensure that any person on the premises would not be injured.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:** Copies of all documents related in any way to the changes made and/or steps taken after the incident, specifically including, but not limited to, what was done to ensure that any person who became injured due to an injury on your premises, would be given medical attention.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:** Copies of all documents related in any way to injury claims made by Plaintiff and/or accidents involving plaintiff KATHRYN BURGAN in any way before or after the incident made the basis of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:** Copies of all documents related in any way to the identity of any Defendant's parent and/or subsidiary company.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:** Copies of all documents related in any way to injury claims made by Plaintiff and/or accidents involving Plaintiff in any way before or after the incident made the basis of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:** Copies of all documents related in any way to the ownership of the premises, both at the time of the incident and prior to the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:** Copies of all documents related in any way to the injury of Plaintiff on the premises, which are in your actual or constructive possession.

**RESPONSE:**

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, request is now made of Defendant to respond within fifty (50) days of service of this petition to the undersigned counsel in writing and with all information and documents required under Rule 194.2 (a) – (l), Disclosure.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, KATHRYN BURGAN, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

MCKEY & SANCHEZ, P.C.

Craig W. Thomas
State Bar No. 24048047
craig@972lawfirm.com
Jeremy W. McKey
State Bar No. 24053353
Jeremy@972lawfirm.com
1349 Empire Central, Ste. 700
Dallas, TX 75247
(972) 529-3476 Phone / Fax
**ATTORNEYS FOR PLAINTIFF**

LEGAL DOCUMENT MANAGEMENT
5930 LBJ FREEWAY #330
DALLAS, TX 75240

**CERTIFIED MAIL**

7015 0640 0000 2941 5789




U.S. POSTAGE
PAID
PLANO, TX
75023
OCT 28 15
AMOUNT
**$8.11**
R2303S103772-03

1000          78701

CORPORATION SERVICE COMPANY
211 E. 7TH ST. #620
AUSTIN, TX 78701

# EXHIBIT 2

**Exhibit 2**

FILED
11/10/2015 3:38:34 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:15-cv-04081-G-BN   Document 1-2   Filed 12/29/15   Page 41 of 49   PageID 48

CAUSE NO. CC-15-05382-A

| | | |
|---|---|---|
| KATHRYN BURGAN, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. 1 |
| | § | |
| KROGER TEXAS, L.P., | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

COMES NOW, Defendant Kroger Texas L.P. in the above-entitled and numbered cause and files its Original Answer, and, in support thereof, would respectfully show the Court as follows:

## I.
## GENERAL DENIAL

Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Petition, demands strict proof thereof and, to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

## II.
## DEFENSES

1.      Defendant had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged hazard was not "unreasonably dangerous."

2.      Plaintiff's damages or injuries, if any, were caused by the acts of third persons not under the control of Defendant.  Such acts or omissions of said third persons were the sole

and/or a producing and/or a proximate and/or an intervening and/or supervening and/or an intervening cause of Plaintiff's damages or injuries, if any.

3.  Plaintiff failed to use that degree of care and caution that would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause Plaintiff's injuries and damages, if any.  Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate and/or a supervening and/or an intervening cause of Plaintiff's damages or injuries, if any.

4.  The alleged condition of which Plaintiff complains was open and obvious. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

5.  Alternatively, the accident complained of was an unavoidable accident, as that term is defined under Texas law.

6.  Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

7.  In the unlikely event an adverse judgment is rendered against Defendant in this matter, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

8.  Defendant contends that any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code §41.0105.

9.  Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or

loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

### III.
### COURT REPORTER REQUESTED

Defendant respectfully demands a court reporter be present at all proceedings before the Court.

### IV.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant Kroger Texas L.P., respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and also prays for all other and further relief, both general and special, at law and in equity, to which it shows itself to be justly entitled.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
Attorney-in-charge
State Bar No. 24069421
kbriscoe@peavlergroup.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlergroup.com
THE PEAVLER GROUP
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on November 10, 2015.

/s/ B. Kyle Briscoe
B. Kyle Briscoe

# EXHIBIT 3

**Exhibit 3**

FILED
11/11/2015 9:44:00 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:15-cv-04081-G-BN   Document 1-2   Filed 12/29/15   Page 46 of 49   PageID 53

CAUSE NO. CC-15-05382

| | | |
|---|---|---|
| KATHRYN BURGAN,<br>PLAINTIFF | §<br>§<br>§ | IN THE COUNTY COURT |
| VS. | §<br>§ | AT LAW NO. 1 |
| KROGER TEXAS, L.P<br>DEFENDANT | §<br>§ | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** KATHRYN BURGAN, hereinafter called Plaintiff, complaining of and about, KROGER TEXAS, L.P., hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.   Plaintiff intends that discovery be conducted under Discovery Level 1. Plaintiff is currently seeking damages in an amount not to exceed $100,000.00.

### PARTIES AND SERVICE

2.   Plaintiff, KATHRYN BURGAN, is an individual whose address is 2414 N. Hwy. 174, Lot O, Seagoville, TX 75159.   The last three digits of her social security number are 586.

3.   Defendant KROGER TEXAS, L.P., is a foreign limited partnership that is represented in this matter and has filed an answer.   The issuance of citation is not requested at this time.

### JURISDICTION AND VENUE

4.   The subject matter in controversy is within the jurisdictional limits of this court.

5.   This court has jurisdiction over Defendant because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established

minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6.  Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the State of Texas, thereby conferring specific jurisdiction with respect to Defendant.

7.  Furthermore, Plaintiff would show that Defendant engaged in activities constituting business in the State of Texas as provided by section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in Texas.

8.  Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### FACTS

9.  On or about October 17, 2014, Plaintiff was at Defendant's Kroger Store located at or near 11925 Elam Road, Balch Springs, Texas 75180.

10. Plaintiff was walking in the meat department section.   Plaintiff was walking next to an open freezer when she slipped forward and to the right from water on the floors.   As Plaintiff's foot slid forward it hit a metal corner guard attached to the freezer.   The floor had just been mopped and Plaintiff observed a mop and a mop bucket in the area, however there were no signs or warning cones in the area.

### PLAINTIFF'S CLAIMS AGAINST DEFENDANT FOR NEGLIGENCE AND PREMISES DEFECT/LIABILITY

11. At all times mentioned herein, Defendant had such control over the premises in question that Defendant owed certain duties to Plaintiff, the breach of which proximately caused

the injuries set forth herein.

12.   Defendant, Defendant's agents, and employees failed to make the premises reasonably safe by failing to inspect the premise.

13.   The Defendant failed to maintain a safe environment by failing to provide a clear, dry and safe walkway.

14.   At all times pertinent herein, Defendant and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

    a.   In Defendant, through its employee (s) failing to clean the brown liquid on the floor;

    b.   In Defendant creating a dangerous condition by not regularly inspecting the premise;

    c.   In Defendant failing to timely inspect the floor for dangerous conditions;

    d.   In Defendant, through its employee, failing to use due and reasonable care to avoid creating dangerous conditions;

    e.   In Defendant failing to properly train its employees to identify and make safe dangerous conditions, which pose an unreasonable risk of injury;

    f.   In Defendant failing to warn Plaintiff of the wet floors by not displaying signs or cones indicating that the area had just been mopped;

    g.   In Defendant, through its employee(s), causing the unreasonable risk of harm by failing to properly maintain the walkway and creating a dangerous condition thereby putting Defendant on notice because when an owner or occupier of a premise, or those for whose conduct it is responsible, creates a condition that poses an unreasonable risk of harm, an inference of knowledge may arise that Defendant knew or should have known about the risk of danger to Plaintiff. *Keetch v. Kroger*, 845 S.W.2d 262, 265 (Tex. 1992); *Robledo v. Kroger*, 597 S.W.2d 560 (Tex. Civ. App.–Eastland 1980, writ ref'd n.r.e.); *See Wal-Mart Stores, Inc. v. Diaz* , 109 S.W.3d 584, 589 (Tex. 2003) .

## PROXIMATE CAUSE

15.   Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF

16.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, KATHRYN BURGAN was caused to suffer physical injuries, and to incur the following

damages:

    A.  Reasonable medical care and expenses in the past;

    B.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.  Physical pain and suffering in the past;

    D.  Physical pain and suffering in the future;

    E.  Mental anguish in the past;

    F.  Mental anguish in the future;

    G.  Loss of earnings in the past; and

    H.  Loss of earning capacity in the future.

Respectfully submitted,

**McKey & Sanchez, P.C.**

Craig W. Thomas
State Bar No. 24048047
craig@972lawfirm.com
Jeremy W. McKey
State Bar No. 24053353
Jeremy@972lawfirm.com
1349 Empire Central, Ste. 700
Dallas, TX 75247
(972) 529-3476 Phone / Fax
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record in accordance with the Texas Rules of Civil Procedure on this 11th day of November 2015.

CRAIG W. THOMAS