UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATHRYN BURGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:15-CV-4081-G |
| KROGER TEXAS, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the defendant's motion for summary judgment (docket entry 19). For the reasons stated below, the defendant's motion is granted in part, and denied in part as moot.

## I. INTRODUCTION

### A. Factual Background

This case concerns a slip-and-fall accident in the meat section of a grocery store in Balch Springs, Texas. *See generally* Plaintiff's First Amended Complaint ("Amended Complaint") (docket entry 27). On or about October 17, 2014 at around 9:00 p.m, the plaintiff Kathryn Burgan ("Burgan") was shopping with her aunt Tammy Smoot

("Smoot") at a Kroger Texas, L.P. ("Kroger") grocery store located at 11925 Elam Road, Balch Springs, Texas 75180.[*] Original Petition ¶ 9 (docket entry 1-2); Plaintiff's Appendix in Support of Its [sic] Motion for Summary Judgment ("Plaintiff's Appx.") at 38 (docket entry 24). Burgan slipped on water allegedly on the floor near an open freezer bunker in the meat department of the Kroger. Amended Complaint ¶¶ 3.2-3.3. Burgan sustained injuries and damages as a result of the incident when she hit her foot on a metal corner guard attached to the freezer. *Id.* ¶¶ 3.4-3.5; Defendant's Brief In Support of Their [sic] Motion for Summary Judgment ("Defendant's Brief") at 3 (docket entry 20).

After Burgan fell, she claims that she noticed "a mop and a mop bucket near the open freezer where [she] was injured." Amended Complaint ¶ 3.6. Burgan alleges that she believes one of Kroger's employees had been mopping in the area and had failed to place any warning cones or signs indicating that the floor was wet. *Id.* ¶ 3.7. Alternatively, Burgan avers that the water she slipped on originated from the open meat freezer bunker near where she fell. *Id.* ¶ 3.8. Burgan did not see the water

---

[*] Both the plaintiff and the defendant incorrectly state the address of the relevant Kroger store. In the plaintiff's amended complaint, the plaintiff lists her home address as the address of the Kroger store at which the incident occurred. *Compare* Amended Complaint ¶ 3.1 *with* Plaintiff's Appendix in Support of Its [sic] Motion for Summary Judgment ("Plaintiff's Appx.") at 38 (docket entry 24). In the Defendant's Brief In Support of Their [sic] Motion for Summary Judgment ("Defendant's Brief") (docket entry 20), the defendant lists the address of a different Kroger store in Irving, Texas. *Compare* Defendant's Brief at 3 *with* Plaintiff's Appx. at 38. The court cautions the parties to ensure they do not have careless errors in their filings.

on the floor where she claims to have slipped; only Smoot allegedly saw water on the floor. Defendant's Brief at 3 (citing Defendant's Appendix in Support of its Motion for Summary Judgment ("Defendant's Appx.") at 13-14 (docket entry 21)).

B. Procedural Background

On October 21, 2015, Burgan filed suit against Kroger in the County Court at Law No. 1 of Dallas County, Texas. *See generally* Original Petition. On December 29, 2015, Kroger removed the case to this court on the basis of diversity jurisdiction (docket entry 1). On May 25, 2016, Kroger filed the instant motion for summary judgment (docket entry 19). Burgan filed a timely response (docket entry 22), to which Kroger served a timely reply (docket entry 28). The motion is now ripe for decision.

## II. ANALYSIS

### A. Legal Principles

#### 1. *Summary Judgment Standard*

Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c)(1). A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue as to a material fact is

genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate a genuine issue as to the material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in her favor. *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)). However, it is not incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact. See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The nonmoving party has a duty to designate the evidence in the record that establishes the existence of genuine issues as to the material facts. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response

to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405.

2. *Premises Liability Under Texas Law*

A plaintiff who qualifies as an invitee (*i.e.*, "one who enters on another's land with the owner's knowledge and for the mutual benefit of both"), *Rosas v. Buddie's Food Store*, 518 S.W.2d 534, 536 (Tex. 1975) (citations omitted), must prove four elements to succeed on a premises liability claim against the owner:

> (1) a condition on the premises created an unreasonable risk of harm to the invitee;
>
> (2) the owner knew or reasonably should have known of the condition;
>
> (3) the owner failed to exercise ordinary care to protect the invitee from danger; and
>
> (4) the owner's fault was a proximate cause of injury to the invitee.

*Fort Brown Villas III Condominium Association, Inc. v. Gillenwater*, 285 S.W.3d 879, 883 (Tex. 2009) (citation omitted). Kroger does not contest Burgan's status as an invitee or elements (3) and (4). *See* Defendant's Brief at 8-23. The court finds Burgan's lack of proof regarding element (2) conclusive.

A plaintiff can demonstrate either the owner's actual or constructive knowledge of a dangerous condition. *Keetch v. Kroger Company*, 845 S.W.2d 262, 265 (Tex. 1992). In slip-and-fall cases, a plaintiff establishes actual knowledge by proving "the

defendant placed the substance on the floor [or] actually knew that the substance was on the floor . . . ." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). Constructive knowledge requires a showing that "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Id.* A prerequisite to proving an "owner's constructive knowledge of a hazardous condition [is] show[ing] that the hazardous condition existed for some definite length of time." *Sturdivant v. Target Corporation*, 464 F. Supp. 2d 596, 602 (N.D. Tex. 2006) (Lynn, J.) (citing *Reece*, 81 S.W.3d at 815). "Texas adopted this 'time-notice' rule because 'temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition.'" *Id.* (quoting *Reece*, 81 S.W.3d at 816).

B. Application

1. *Negligence Claim*

In its motion for summary judgment, Kroger contends that it is entitled to summary judgment on Burgan's negligence claim as a matter of law because her allegation arises out of an injury by a condition of the premises -- thereby limiting her to a premises liability cause of action. Defendant's Brief at 23-24. In her original petition, Burgan asserted a negligence claim against Kroger. *See* Original Petition ¶¶ 11-14. In her amended complaint, however, Burgan omitted the negligence claim. *See generally* Amended Complaint. Therefore, Kroger's motion for summary judgment

on Burgan's negligence claim is denied as moot since Burgan omitted the claim from her amended complaint.

2. *Premises Liability Claim*

In her amended complaint, Burgan asserts only a premises liability claim against Kroger. *See* Amended Complaint ¶¶ 4.1-4.7. Burgan maintains that Kroger failed to make its premises reasonably safe by failing to inspect its premises and by failing to disclose those areas on its floor that posed an unreasonable risk of injury. *Id.* ¶ 4.2. Burgan contends that a Kroger employee had recently mopped the floor before she was injured, that Kroger did not take reasonable steps to warn her, and that the failure to warn customers about the recently mopped floor created an unreasonably dangerous condition. *Id.* ¶¶ 4.5-4.7. Alternatively, Burgan believes that the water on which she slipped originated from the open meat freezer bunker near where she fell. *Id.* ¶ 3.8.

Kroger maintains that, as a matter of law, it is entitled to summary judgment because Burgan cannot satisfy a threshold element -- *viz.*, that the owner knew or reasonably should have known of the condition -- of her premises liability cause of action. Defendant's Brief at 23. In response, Burgan contends that there are genuine issues of material fact as to (1) whether Kroger was aware of the high risk that freezer bunkers create a dangerous condition, Plaintiff's Brief in Support of Her Response to Defendant's Motion for Summary Judgment ("Plaintiff's Brief") at 9-15 (docket entry

23), (2) whether a Kroger employee had actual knowledge of the puddle of water on the floor next to the freezer bunker, *id.* at 16-18, and (3) whether a Kroger employee had constructive knowledge of the puddle of water next to the freezer bunker. *Id.* at 18-20. In her response, Burgan also asserted several contentions that Kroger did not dispute in its motion for summary judgment. See *id.* at 4-9, 20-21. Kroger does not dispute that water on the floor of a grocery store poses an unreasonable risk of harm to customers, Defendant's Reply in Support of Its Motion for Summary Judgment ("Reply") at 1 (docket entry 28), and, for the purposes of its summary judgment motion, does not contest that it was in sole possession and control of the premises, or that the alleged condition proximately caused the plaintiff's injuries. *See generally* Defendant's Brief. In its reply, Kroger affirmed that it did not raise those issues in its motion for summary judgment, Reply at 1, and only maintains that Burger has offered no evidence that Kroger had actual or constructive notice of the condition. *Id.* at 2-5.

An invitee must prove all four elements -- listed above -- to succeed on a premises liability claim against the owner. *Gillenwater*, 285 S.W. 3d at 883. Only the second element is at issue here. A plaintiff can satisfy the second element of her premises liability claim if she can demonstrate either the owner's actual or constructive knowledge of a dangerous condition. *Keetch*, 845 S.W.2d at 265. In slip-and-fall cases, a plaintiff establishes actual knowledge by proving "the defendant

placed the substance on the floor [or] actually knew that the substance was on the floor . . . ." *Reece*, 81 S.W.3d at 814.

In her brief in opposition to Kroger's motion, Burgan maintains that she has raised a genuine issue of material fact as to whether Kroger had actual knowledge of the alleged puddle, citing circumstantial evidence. Plaintiff's Brief at 16-17. To support her contention that Kroger had actual knowledge of the condition, Burgan asserts there was a mop and bucket near the area where she slipped, *id.* at 16, there was a nighttime employee who was responsible for cleaning the meat department area, *id.* at 17, the puddle was clear and little, *id.*, and there were two customers in the store who were nowhere near the puddle. *Id.* These facts, even if taken as true, do not amount to actual knowledge of an unreasonably dangerous condition. *City of Denton v. Paper*, 376 S.W.3d 762, 767 (Tex. 2012) (per curiam). The presence of a mop and bucket near the area of the slip-and-fall -- without more -- does not prove that Kroger had actual knowledge of water on the floor. H.*E. Butt Grocery Company v. Resendez*, 988 S.W.2d 218, 219 (Tex. 1999) (per curiam). The presence of a mop and bucket without an employee could equally suggest that an employee was getting ready to clean up before closing the store and had not seen any puddle. *City of Keller v. Wilson*, 168 S.W.3d 802, 813-14 (Tex. 2005) ("When the circumstances are equally consistent with either of two facts, neither fact may be inferred.") (internal quotations omitted); *see also* Plaintiff's Brief at 17 (where the plaintiff acknowledges that the

store was about to close.). Burgan offers no evidence that a Kroger employee placed the water on the floor or had actual knowledge of the alleged puddle. Therefore, Burgan has failed to prove that Kroger had actual knowledge of the condition.

Constructive knowledge requires a showing that "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Reece*, 81 S.W.3d at 814. A prerequisite to proving an "owner's constructive knowledge of a hazardous condition [is] show[ing] that the hazardous condition existed for some definite length of time." *Sturdivant*, 464 F. Supp. 2d at 602 (citing *Reece*, 81 S.W.3d at 815). Burgan does not cite the presence of the mop and bucket as proof of constructive knowledge, only as proof that Kroger had actual knowledge of the condition. *See* Plaintiff's Brief at 16-20. Instead, Burgan contends that she has presented sufficient evidence to show that the condition existed long enough for Kroger to have constructive notice because the puddle was located near a freezer where frozen items can have ice on the packages and that ice could have fallen from the items on the floor and then melted -- which she contends is sufficient evidence the puddle lasted long enough for Kroger to have constructive notice of the condition. *Id.* at 18. To support this contention, Burgan cites a Texas Supreme Court case in which the court concluded that "there is no evidence that the condition had existed long enough, the ice not having fully melted, for [the owner] to

have constructive notice." *Id.* (citing *Brookshire Grocery Company v. Taylor*, 222 S.W.3d 406, 409 (Tex. 2006)).

In *Taylor*, 222 S.W.3d at 407, the plaintiff slipped on partially melted ice on the floor in front of a self-serve soft drink dispenser. Since the ice was still in solid form -- not yet completely liquid -- the court concluded that there was no evidence the condition had existed long enough for the premises owner to have constructive notice. *Id.* at 409. Burgan's reliance on this case is misplaced. The Texas Supreme Court's conclusion as a matter of law that constructive notice does not exist where ice has not fully melted since falling on the floor does not support the conclusion that the presence of water near a frozen meat bunker constitutes constructive notice because it had to exist long enough for ice to melt. Burgan does not offer any evidence that the alleged puddle she slipped on was created by melted ice. Burgan only offers testimony from a Kroger employee that it is possible for ice to fall from the frozen bunker onto the floor. Plaintiff's Appx. at 61-64. Burgan's evidence is mere conjecture elicited from hypothetical questions asked at a deposition. *Id.* Burgan offers no proof that the water was cold or hot. *Id.* at 35.

Burgan offers three hypothetical possible sources for the alleged puddle on which she slipped. Amended Complaint ¶¶ 3.7-3.8; Plaintiff's Brief at 6-8, 10-15, 18-19, 21. At different points in her filings, Burgan maintains the alleged puddle was caused by ice falling from items in the frozen meat bunker, Amended Complaint

¶ 3.8; Plaintiff's Brief at 8, 10, 12-13, 15, 19, by condensation originating from the frozen meat bunker, Amended Complaint ¶ 3.8; Plaintiff's Brief at 6-8, 11-15, 19, 21, or by moisture accumulating after a Kroger employee mopped the area. Amended Complaint ¶ 3.7; Plaintiff's Brief at 16-17. To support her argument of the persistent problem of ice falling from frozen bunkers, Burgan exaggerates a Kroger employee's testimony. Plaintiff's Brief at 19 ("Thalmann and Defendant's employees knew that ice constantly fell from the self-serve freezer bunker and formed small puddles of water near the perimeter of the freezer bunkers."); Plaintiff's Appx. at 61 ("Q: All right. Are you -- have you ever seen packages that have sort of a coating of ice on the exterior of the package? A. I have seen that, yes."); at 63 ("They're aware [of higher risk] to pay closer attention -- close attention to the refrigerator and freezer bunkers."). Burgan offers no evidence to show that ice had fallen and melted, that ice fell often, or that condensation frequently created puddles around frozen bunkers. *See* Plaintiff's Brief at 6-8, 10-15, 18-19, 21. In an effort to create a material issue of fact as to whether Kroger had constructive notice of the condition, Burgan embellishes the testimony of a Kroger employee. *Compare* Plaintiff's Brief at 18-20; *with* Plaintiff's Appx. at 42-70. Burgan tries but fails to offer any proof that the condition lasted long enough for Kroger to have constructive notice of it.

Burgan maintains that the open freezer bunker creates an unreasonably dangerous condition, and that a Kroger employee was aware of the high risk that

water puddles would form in the areas next to the freezer bunkers. Plaintiff's Brief at 15. In his deposition testimony, the Kroger employee, Patrick Thalmann ("Thalmann"), testified that condensation has formed around freezer bunkers at other Kroger grocery stores and that employees are instructed to constantly look for ice and puddles on the floor near the bunkers. Plaintiff's Appx. at 57-58, 62-63, 65-66. Additionally, Burgan intimates that since Kroger requires its employees to wear "slip-and-fall resistant shoes," the fact that she was wearing flip-flops presented a foreseeable risk of injury in that she was more likely to fall. Plaintiff's Brief at 7-8, 10. Burgan avers that her evidence is sufficient to create material issue of fact as to whether Kroger had constructive notice of the unreasonably dangerous condition of a puddle near the freezer bunker. Plaintiff's Brief at 15.

Thalmann's knowledge of the process of condensation and the possibility that condensation may accumulate near freezers or that ice may fall from items in the freezer bunker onto the floor does not amount to constructive notice of the alleged puddle. *Taylor*, 222 S.W.3d at 407-09 (concluding that knowledge of the possibility of spills resulting from a self-serve drink machine did not constitute evidence of constructive notice); *Reece*, 81 S.W.3d at 816-17 (same, but with regards to a snack bar). At best, Burgan's evidence is speculation that ice fell from the freezer bunker onto the floor, or condensation accrued from the freezer bunker, or the mop and bucket were in the area because a Kroger employee saw the alleged puddle and failed

to clean it or warn the customers. See *e.g.*, *Coastal Transport Company, Inc. v. Crown Century Petroleum Corp.*, 136 S.W.3d 227, 234-35 (Tex. 2004) (holding that speculation is not evidence); *Ford Motor Company v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) (same); *Parker v. Employers Mutual Liability Insurance Company of Wisconsin*, 440 S.W.2d 43, 48-49 (Tex. 1969) (same). Burgan produces no evidence to show how long the puddle was there, no evidence that the puddle was created by ice or condensation, and no evidence to prove the puddle did not originate from somewhere else. Such supposition and conjecture violates the equal inference rule and constitutes no evidence with respect to summary judgment. *Texas Co. v. Hood*, 161 F.2d 618, 620 (5th Cir.) (citing *Pennsylvania R. Co. v. Chamberlain*, 288 U.S. 333 (1933)), *cert. denied*, 332 U.S. 829 (1947); *Wilson*, 168 S.W.3d at 813-14.

Burgan produces no evidence that the alleged puddle was conspicuous, or that "an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time." *Reece*, 81 S.W.3d at 816; *Granados v. Wal-Mart Stores, Inc.*, No. 3:14-CV-3860-G, 2015 WL 4588158, at *3 (N.D. Tex. July 30, 2015) (Fish, J.), *aff'd*, __ Fed. Appx. __ (5th Cir. June 30, 2016). In fact, Burgan admits that no other customer was in the meat department at the time of the incident, Plaintiff's Brief at 17, Plaintiff's Appx. at 30, 35-36, Defendant's Appx. at 17-18, that no Kroger employee was in the meat department at the time of the incident, Plaintiff's Appx. at 30, and that Thalmann did not recall seeing

condensation build-up at the relevant Kroger store. Plaintiff's Brief at 6-7. In the cases Burgan cites to support her contention that there is a material issue of fact regarding actual or constructive notice, the owner of the premises had knowledge of a persistent problem resulting in the implementation of safety precautions that were not actually taken at the time of the incident. *See* Plaintiff's Brief at 9-10.

A freezer bunker with no known history to cause water accumulation, or the possibility of ice falling from items in the freezer bunker (without evidence regarding if or how frequently it may happen), *see* Defendant's Appx. at 17-18, is not analogous to grapes frequently falling onto the floor off a slanted self-serve display, as in *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983), or a repeatedly buckling door mat that had to be constantly straightened -- but was not when the incident occurred, as in *Crosby v. Minyard Food Stores, Inc.*, 122 S.W.3d 899, 901-02 (Tex. App.--Dallas 2003, no pet.), or knowledge that a barrel with iced-down drinks habitually dripped water on the floor while a company safety workbook required a mat under the barrel, but the store failed to provide such a mat, as in *National Convenience Stores, Inc. v. Erevia*, 73 S.W.3d 518, 523 (Tex. App.--Houston [1st Dist.] 2002, pet denied). Here, there is no knowledge of a recurring problem sufficient to constitute constructive notice, *Crosby*, 122 S.W.3d at 901-02, nor is there any evidence that the manner in which this frozen meat bunker was constructed created an unreasonable risk. *Resendez*, 988 S.W.2d at 219. Furthermore, if the court were to

conclude that the plaintiff has raised a material issue of fact as to whether Kroger had constructive notice based on the evidence in the record, the court would be holding Kroger up to the standard of an insurer -- which the Texas Supreme Court has explicitly eschewed in premises liability suits involving invitees. See *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

Burgan failed to produce evidence that Kroger had actual knowledge of the water on the floor or temporal evidence that it should have reasonably discovered it. *See* Defendant's Appx. 17-18, 26-27. Therefore, Burgan has failed to establish that Kroger knew or reasonably should have known of the condition -- entitling Kroger to summary judgment on Burgan's premises liability claim. *Taylor*, 222 S.W.3d at 409.

## III. CONCLUSION

For the reasons discussed above, the defendant's motion for summary judgment on Burgan's premises liability claim is **GRANTED**, and the defendant's motion for summary judgment on Burgan's negligence claim is **DENIED** as moot. Judgment will be entered for Kroger.

**SO ORDERED**.

July 5, 2016.

**A. JOE FISH**
**Senior United States District Judge**